GEORGE A. EMERSON *vs.* THE NEW YORK AND NEW ENG-
LAND RAILROAD COMPANY *et als.*

The decision of this court heretofore given in the case of *Boston and Providence Railroad Corporation et al.* v. *New York and New England Railroad Company et als.* 13 R. I. 260, affirmed.

BILL IN EQUITY to establish a right to certain dividends and for an injunction.

*July* 12, 1884.  CARPENTER, J.   This is a bill in equity brought by a holder of preferred stock in the Hartford, Providence, and Fishkill Railroad Company, on behalf of himself and all other such stockholders against that company, Stephen Harris and others, directors in that company, the Boston, Hartford, and Erie Railroad Company, the New York and New England Railroad Company, and Henry Lippitt and others, trustees under mortgages from the Hartford, Providence, and Fishkill Railroad Company. The bill was filed March 28, 1883, and alleges the formation of the Hartford, Providence, and Fishkill Railroad Company by the union, under legislative authority, of two corporations, one in Rhode Island and one in Connecticut ; that bonds were issued by the united company secured by mortgages on that part of the road lying in Rhode Island, which mortgages were made to trustees to whom the respondent Lippitt and others are successors.   It then sets out the issue of the preferred stock of the company.   The details of this issue of stock are not necessary here to be repeated, as they are stated in full in the report of the case of *Taft, Trustee,* v. *Hartford, Providence & Fishkill Railroad Co.* 8 R. I. 310. The bill then goes on to allege that prior to January 1, 1858, the company became insolvent, and in that month the directors voted to surrender the road to the mortgage trustees to hold to the uses specified in the mortgages, and that whenever there should be any surplus of net earnings it should be applied to the payment of unsecured creditors ; that immediately thereafter possession of the road was delivered accordingly to the trustees, and that they and their successors have ever since retained possession of the same ; that in August, 1863, the company, in pursuance of an agreement previously made, undertook and pretended to make and deliver a certain lease and deed of grant purporting to convey the whole of the railroad and franchise of the company to the Boston, Hartford, and Erie Railroad Company, which agreement, lease, and deed, and the resolutions and orders in pursuance of which they were pretendedly executed, were inoperative and void as against the complainant, these resolutions, agreement, lease, and deed being the same which are set out and described in the dissenting opinion of Mr. Justice Potter in *Boston & Providence Railroad Corporation* v. *New York & New England Railroad Company,* 13 R. I.

260, 270; that the respondent, the New York and New England Railroad Company, claims by certain mesne conveyances to have succeeded to the right and title of the grantee in the said pretended lease and deed; that since October, 1878, the mortgage trustees have let and demised that part of the railroad lying in Rhode Island to the New York and New England Railroad Company at an agreed rent, which was for a long time duly paid by the company to the trustees; that the trustees have paid the interest on the bonds secured by their mortgages, and now have on hand a surplus of above $82,000 in money, the proceeds of the earnings; that all the debts of the Hartford, Providence, and Fishkill Railroad Company have been paid, and the surplus in the hands of the trustees is applicable to the payment of arrears of dividends on the preferred stock, and all the future earnings of the road ought to be so applied; that the complainant is the owner of one hundred shares of the preferred stock; that the New York and New England Railroad Company, claiming to be the owner of the equity of redemption of the said railroad, is taking proceedings to compel the mortgage trustees to pay over to them the surplus of money as above, and to transfer to them possession of the railroad; that all transfers of the railroad and franchise have been with actual notice of the claims of complainant, and all decrees and laws touching such transfers have saved the rights of the preferred stockholders; that it was only after October 18, 1878, that the railroad began to earn any money beyond what was sufficient to pay operating expenses and interest on bonds.

The prayer is for a decree that the complainant is entitled to ten *per centum* dividends from October, 1855, and interest thereon, and to have the same paid out of the surplus in the hands of the mortgage trustees, and is entitled to have the road operated so that the future earnings shall be applied in the same way; and for an injunction against any transfer of the surplus fund or of the railroad to the New York and New England Railroad Company, and for other incidental relief, and for general relief.

The New York and New England Railroad Company pleads in bar the adjudication in *Boston & Providence Railroad Corporation* v. *New York & New England Railroad Co.* 13 R. I. 260. There is also another plea, an answer denying fraud, and a general demurrer to the residue of the bill for want of equity and for *laches.*

The proofs set out very fully the whole history of this railroad property and of the corporations which have successively owned it, so far as that history has reference to this property. The case has also been argued elaborately and with much learning. To the greater part of the evidence, however, and to much of the argument we do not find it necessary to advert, since, as it seems to us, the whole controversy must be decided upon a single point.

The complainant, as we will assume, is the owner of certain shares of the preferred and guaranteed stock of the Hartford, Providence, and Fishkill Railroad Company. He therefore had rights against the company and its property which partook of those of a stockholder and of a creditor. As a stockholder he had rights to dividends and to repayment of the principal of his stock in preference to any of the ordinary stockholders. As a creditor he was entitled to be paid the amount of his debt in the same manner as other creditors, but with no preference over them. *Branch* v. *Jesup*, 16 Otto, 468; *St. John* v. *The Erie Railway Co.* 10 Blatch. 271; also 22 Wall. 136; *Warren* v. *King*, 108 U. S. 389. It will not be claimed that he had any lien on the present or future property of his debtor. His only right was to dividends and to payment out of such property as might belong to his debtor at the time the several sums due to him should become payable; and this right he holds unimpaired at the present time.

Under this state of the case the complainant demands payment of certain sums due to him out of the property and its proceeds, which were conveyed to the Boston, Hartford, and Erie Railroad Company by the deed and lease of August, 1863. In order that he may prevail it is necessary for him to show that the property still belongs to the Hartford, Providence, and Fishkill Railroad Company, or that it is to be so treated and considered for the purposes of this case. But the conveyance of the property is absolute on its face, and conveys absolutely all the equity of redemption of the grantor. It is necessary, therefore, for the complainant to establish the proposition that the conveyance is void. But the question whether this conveyance can now be set aside was argued and determined in *Boston & Providence Railroad Corporation* v. *New York & New England Railroad Company*, 13 R. I. 260. The holders of preferred stock were complainants in that case, and we

can see no escape from the conclusion that the judgment in that case binds the parties here and is decisive against the demand of this bill.

The complainant contends, with much earnestness, that all the decrees of courts and legislative acts which have from time to time become necessary in order to authorize the successive transfers of this property since the conveyance of August, 1863, have notified all purchasers of the existence of his rights and have expressly saved such rights. Undoubtedly such is the fact; but those decrees and acts have at no time purported to enlarge these rights or to extend the time within which they might effectually be demanded; still less have they purported to establish a specific lien upon the property authorized to be conveyed. Such extension of rights or saving of remedy, had such existed, might have been set up in the former suit.

The complainant also insists that there was not until October, 1878, any accumulation of surplus profits out of which his demand for dividends could be satisfied, and that therefore he was guilty of no *laches* in delaying his suit until such surplus had arisen. This argument might have been urged with added force at the argument of the former bill. Indeed, a question precisely similar was considered in that case. The argument for the complainants was that until the mortgage bonds were due they could not have brought that bill to redeem the mortgages and obtain possession of the railroad. We may well adopt the language of the court in disposing of that argument, and say, that although complainant could not have brought this bill until after October, 1878, for the purpose of charging the fund in the hands of the mortgage trustees with a trust for the payment of his dividends, yet he " could have objected to and settled the validity of the sale which disposed of all the corporate property and business, and thereby have determined the real question in this case before the rights of other parties had intervened." 13 R. I. 264.

In considering, also, the demurrer on the ground of *laches* the former adjudication is strongly and directly in point as an authority. We are not prepared to come to a different conclusion upon facts which seem to us to be substantially identical. The remaining plea is not necessary to be considered, and the relief sought

against the respondents other than the New York and New England Railroad Company is auxiliary to the relief sought against that company. In fact, as we find ourselves obliged to conclude, the equity of the whole bill rests upon the assertion that the conveyance of August, 1863, was void as against the complainant. The negative of this assertion having been conclusively found against him in the former suit, his bill cannot be maintained.

*Decree accordingly.*

*Lucien Birdseye & Charles H. Parkhurst*, for complainant.

*William P. Sheffield, Simeon E. Baldwin, W. C. Loring, H. E. Bolles & Frank S. Arnold*, for respondents.